**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JAMAYA WASHAM-BUFORD, as the** | ) |
| **Personal Representative of the Estate of** | ) |
| **JAMES A. BUFORD, JR., Deceased,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIV. ACT. NO. 1:21-cv-199-TFM-MU** |
| | ) |
| **CITY OF PRICHARD, ALABAMA, and** | ) |
| **OFFICER JAY WILSON, in his individual** | ) |
| **and official capacity,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction and Brief in Support Thereof* (Doc. 30 filed 04/29/21). After a stay of proceedings, the Court ordered Plaintiff to show cause as to why the motion to dismiss should not be granted on or before April 10, 2023. Doc. 48. Plaintiff did not file a response to the show cause order, and the deadline has long passed. Having considered the motion and the fact that Plaintiff's appeal with the probate court has now been exhausted, the Court finds the motion to dismiss (Doc. 30) is due to be **GRANTED**, as discussed below.

### I.     PROCEDURAL BACKGROUND

Plaintiff originally petitioned the Probate Court of Mobile County, Alabama for Letters of Administration on May 7, 2019 with the intent of filing a wrongful death action on behalf of James A. Buford. Doc. 30-1 at 3. On May 30, 2019, the probate court issued a ruling indicating that Letters of Administration on the decedent's estate would be issued to Plaintiff subject to a $20,000.00 bond being filed with the probate court. *Id.* at 8-9. On August 20, 2019, Plaintiff's

probate counsel then filed a motion to dismiss the petition for Letters of Administration, which was granted on January 8, 2020. *Id.* at 11, 17. As a result, Plaintiff was never appointed as the Administratrix of Buford's Estate ("the Estate").

On April 22, 2021, Plaintiff filed her Complaint in this case asserting a wrongful death claim and various claims under 42 U.S.C. § 1983 against the City of Prichard and Officer Rodney Wilson (collectively, "Defendants"). Doc. 1. Plaintiff's claims arise out of the death of James A. Buford, who was killed in a motor vehicle accident following a police chase on April 23, 2019. *Id.* Plaintiff alleges that Mr. Buford's death was the result of excessive force, unconstitutional customs or policies within the City, failure to train, and negligence on behalf of both Defendants. *Id.*

On September 24 and 27, 2021 Officer Wilson and the City of Prichard filed their respective answers. Docs. 9, 10. After some settlement negotiations conducted by the Magistrate Judge, it was discovered that Plaintiff was not the Administratrix of the Estate. Consequently, settlement negotiations were terminated and on April 15, 2022, the City of Prichard filed a motion to amend its answer to add the affirmative defense "lack of standing" which the Court granted. Docs. 29, 31. On April 29, 2022, Defendants filed the instant motion to dismiss for lack of standing as a jurisdictional issue. Doc. 30. Then, the City of Prichard filed its amended answer. Doc. 32.

Plaintiff initially filed a request for an extension stating that the dismissal of the probate matter was unbeknownst to the Buford family and without their consent. Doc. 33. Further, Plaintiff had filed a motion with the probate court to reinstate the proceedings and appoint her as the Administratrix. *Id*. The Court granted the extension request. Doc. 34. Next, Plaintiff filed a Motion to Stay Briefing on the Defendants' motion to dismiss, pending resolution of her probate court appeal because the probate court had denied her motion to reinstate the proceedings. Doc.

35.  Defendants opposed the motion and Plaintiff filed a reply.  *See* Docs. 37, 38, 39.  Ultimately, the Court granted the motion to stay and instructed Plaintiff to file ongoing status reports to apprise the Court of the probate appeal.  *See* Docs. 40, 42.

After noting deficiencies on the probate appeal, ultimately the Alabama Supreme Court dismissed the action.  Despite filing a motion to reinstate the appeal, the Alabama Supreme Court denied the request on February 14, 2023.  *See* Doc. 45.  Defendants requested that, as the appeal was no longer pending, the Court lift the stay in this case and rule on the pending motion to dismiss. *Id.* at 2.  On March 9, 2023, Plaintiff conceded that Defendants were correct, the appeal was dismissed, and requested time for briefing on the motion to dismiss.  Doc. 46.

Thus, Plaintiff was never appointed as Administratrix of the Estate, and she has now exhausted all of her appeals on the issue.  On March 20, 2023, this Court entered an order vacating the stay and ordering Plaintiff to show cause on or before April 10, 2023 as to why the instant motion to dismiss should not be granted.  Doc. 48.  Plaintiff did not file a response to the motion to dismiss or the show cause order.  Further, in a joint motion for extension of the pretrial deadlines and trial, the parties note that "[a]fter researching on the remaining issues, Plaintiff declined to file further pleadings in response to the show cause order."  Therefore, the motion to dismiss is ripe for review and the Court finds that oral argument is unnecessary.

## II.    STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000).  The burden of proof for a Fed. R. Civ. P. 12(b)(1) is on the party averring jurisdiction.  *Gilmore*, 124 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).  A motion to

dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).[1] Exhibits attached to the complaint are considered part of the

---

[1] In this Circuit "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 12264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

complaint for all purposes.  *Id.*  Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed.  *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings."  *Morrison*, 323 F.3d at 925.  On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56."  *Lawrence*, 919 F.2d at 1529 (citations and internal quotation marks omitted).  Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits."  *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*].  "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations."  *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating the same).  In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction."  *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action."  *Lawrence*, 919 F.2d at 1529.  The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P. 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's causes of action*."  *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation marks omitted) (emphasis in original).

### III.   DISCUSSION AND ANALYSIS

Defendants argue that this matter is due to be dismissed for lack of subject matter jurisdiction because, as the Plaintiff is not the administratrix of the Estate, she does not have standing to bring the claims asserted on behalf of the decedent.  Plaintiff did not file a response to the motion to dismiss but has previously conceded that she has not been appointed as administratrix of the Estate.  *See* Doc. 46.

To establish Article III standing, a plaintiff must show: (1) injury in fact; (2) causation; and (3) redressability.  *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1112 (11th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)); *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1263 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016)).  Put in more detail, the Supreme Court states that to invoke federal jurisdiction a plaintiff bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating the plaintiff has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision.  *Spokeo*, 578 U.S. at 338, 136 S. Ct. at 1547 (citations omitted).  All three prongs must be met and failure of any of them results in a lack of standing.

Plaintiff asserts various claims of constitutional violations pursuant to 42 U.S.C. § 1983.

No language in 42 U.S.C. § 1983 provides for the survival of a civil rights action in favor of another upon the death of the injured party.  Because the statute is silent or "deficient" in this respect, 42 U.S.C. § 1988 (a) requires application of state survivorship law, provided that law is "not inconsistent with the Constitution and laws of the United States.

*Estate of Gilliam v. City of Prattville*, 639 F.3d 1041, 1043 (11th Cir. 2011).  The Eleventh Circuit has previously held that Alabama survivorship law is not inconsistent with § 1983.  *See id.* at 1047

("[W]hen a constitutional violation actually causes the injured party's death, a §1983 claim can be asserted through the Alabama wrongful death statue, Ala. Code § 6-5-410.").

The requirements for a wrongful death action in Alabama are set forth in Ala. Code. § 6-5-410.  The statute provides:

> (a) A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama where provided for in subsection (e), and not elsewhere, for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was causes, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.

ALA. CODE § 6-5-410.  The Alabama Supreme Court has ruled that this provision limits standing in wrongful death actions to only the personal representative of the decedent.  *Ex Parte Hubbard Properties, Inc.*, 205 So. 3d 1211, 1213 (Ala. 2016); *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992) ("[O]ne who sues under this section without having been appointed executor or administrator does not qualify under this section as its personal representative, and the suit is a nullity.").  Additionally, a plaintiff must be appointed as the administrator of the decedent's estate when the complaint is filed, otherwise the complaint is a nullity.  *See, e.g.*, *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465, 466 (Ala. 1979) ("In the present case, Johnnie E. Parker filed suit without having been appointed executor or administrator.  Since he did not qualify under § 6-5-410 as a personal representative this suit was a nullity.").  This nullity can only be cured if the plaintiff is properly appointed as administrator prior to the expiration of the statute of limitations, even if the original complaint was filed before the expiration.  *See Northstar Anesthesia of Ala., LLC v. Noble*, 215 So. 3d 1044, 1050 (Ala. 2016) ("[R]elation back generally cannot be used to prevent a wrongful-death claim from being time-barred where the personal representative is appointed after the two-year limitations period has expired.").

That said, this case was filed in federal court by virtue of federal question jurisdiction (civil rights) and supplemental jurisdiction. *See* 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). As a result, while substantive matters may be viewed through Alabama law, procedural matters are controlled by federal law. *See generally Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed 1188 (1938) (holding that, when faced with the issue of whether to apply state or federal law, federal courts must apply state law on issues of substantive law).

Under circumstances similar to the present case, the Eleventh Circuit recently held that a plaintiff may cure such standing-related deficiencies by amending the complaint after the statute of limitations has passed because such deficiencies are not a nullity, and the amendment relates back to the original complaint under Fed. R. Civ. P. 15(c). *Iriele v. Griffin*, __ F.4th __, No. 21-12570, 2023 U.S. App. LEXIS 9114 at *12-16 (11th Cir. April 17, 2023). Thus, under federal law, it is possible that Plaintiff's original complaint was not a nullity and could have been cured had she been appointed administratrix of the Estate, even if such appointment occurred after the statute of limitations passed.

Regardless, that is not an issue that the Court need resolve here. In this case, Plaintiff has not been appointed the administratrix of the Estate and as the Alabama Supreme Court denied her probate appeal, Plaintiff has no means to be appointed. As such, she does not have standing to pursue a lawsuit on behalf of the Estate. *See* ALA. CODE § 6-5-410; see also *Estate of Gilliam*, 639 F.3d at 1048-49 (holding that the Alabama survivorship statute is not inconsistent with federal law and therefore applies to claims brought under § 1983). Put differently, the decedent and by extension the Estate is the one that can meet the three standing requirements. Plaintiff herself has no ability to pursue the claims independent of the Estate and therefore does not have standing.

## IV.    CONCLUSION

Accordingly, Defendants' motion to dismiss (Docs. 30) is **GRANTED** and this case

**DISMISSED without prejudice** for lack of standing.

**DONE** and **ORDERED** this 8th day of May, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE